**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-22001-BLOOM/Otazo-Reyes**

MIGUEL ALFONSO SARMIENTO
LOPEZ, as Personal Representative of the
Estate of MIGUEL ANGEL
SARMIENTO BENEGAS,

      Plaintiff,

v.

CMI LEISURE MANAGEMENT, INC.
and CRUISE MANAGEMENT
INTERNATIONAL, INC.,

      Defendants.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon CMI Leisure Management, Inc., and Cruise

Management International, Inc.'s (collectively, "Defendants") Motion to Dismiss for Improper

Venue or in the Alternative Failure to State a Claim, ECF No. [11] ("Motion"). Plaintiff Miguel

Alfonso Sarmiento Lopez ("Plaintiff") filed a Response in Opposition, ECF No. [16]

("Response"), to which Defendants filed a Reply, ECF No. [17] ("Reply"). The Court has carefully

reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

For the reasons set forth below, the Motion is denied.

## I.    BACKGROUND

On June 22, 2021, Plaintiff filed an Amended Complaint ("Complaint"). ECF No. [7]. The

Complaint asserts four counts: Defendant CMI Leisure Management, Inc.'s ("CMI Management")

negligent failure to provide prompt, adequate, and appropriate medical care under the Jones Act,

46 U.S.C. § 30104 ("Count I"); CMI Management's failure to provide prompt, adequate, and

proper medical care under general maritime law and the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301 *et seq.* ("Count II"); Cruise Management International, Inc.'s ("CMI Inc.") vicarious liability under general maritime law for negligence in the treatment of the decedent ("Count III"); and CMI Inc.'s direct negligence ("Count IV"). ECF No. [7].

According to the Complaint, the decedent Miguel Angel Sarmiento Banegas ("Sarmiento") was a Honduran citizen working aboard the *MV World Odyssey* (the "Vessel"). *Id.* ¶ 2. Defendant CMI Management is a Florida corporation with its principal place of business in Miami-Dade County. *Id.* ¶ 3. CMI Management was Sarmiento's employer for Jones Act purposes. *Id.* ¶ 10. CMI Management controlled all aspects of Sarmiento's employment, including hiring him, training him, assigning him tasks, supervising him, directing and monitoring his performance, maintaining the right to transfer, discipline, and fire him, managing his medical needs aboard the Vessel and shoreside, and handling all claims arising from his employment. *Id.* Defendant CMI Inc. is a Florida corporation with its principal place of business in Miami-Dade County. *Id.* ¶ 4. CMI Inc. managed the Vessel's deck and engine departments, oversaw the total management of the Vessel's operational and financial services, employed the Vessel's medical staff for the crew's medical care, provided medicines necessary for treatment of the crew, and maintained the Vessel's medicines. *Id.* ¶ 12.

In November 2019, Sarmiento began suffering from symptoms of malaria or a similar disease while working on the Vessel. *Id.* ¶ 15. CMI Management, as Sarmiento's employer, failed to provide him with timely and proper medical care. *Id.* ¶ 17. CMI Inc., as the entity responsible for managing the operation of the Vessel including medical care aboard the Vessel, failed to properly provide for Sarmiento's medical care. *Id.* ¶ 57. On or about November 19, 2019, Sarmiento died of toxic shock resulting from his illness. *Id.* ¶ 17.

On June 22, 2021, Plaintiff filed the Complaint. ECF No. [7]. On July 19, 2021, Defendants filed the instant Motion and contend that, pursuant to a valid forum-selection clause in an employment agreement (the "Agreement") between Sarmiento and CMI Leisure, Ltd., a non-party to the lawsuit, this action should be dismissed for improper venue. *See id.* at 1; ECF No. [11-1]. Specifically, Defendants argue that the forum-selection clause in the Agreement requires the Bahamas to be the venue for all litigation related to Sarmiento's employment. ECF No. [11] at 2. Defendants also contend, in the alternative, that Plaintiff fails to state a claim upon which relief can be granted because the choice-of-law clause in the Agreement mandates that Bahamian law, not U.S. law, be applied to this case. *Id.* at 12. Because the Court finds that the Agreement may not be considered at this stage in the proceedings, it concludes that Defendants' Motion must be denied.

## II.    LEGAL STANDARD

### 1.    Rule 12(b)(3) Motion for Improper Venue

Generally, venue in federal civil actions is governed by 28 U.S.C. § 1391. "Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *TMJ Practice Mgmt. Assocs., Inc. v. Curran*, No. 16-81903-CIV, 2017 WL 3130421, at *3 (S.D. Fla. July 24, 2017). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When a defendant moves to dismiss for improper venue under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining that the plaintiff must make "only a prima facie showing of venue"); *see also BP Prods. N. Am., Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006). The court may consider facts outside the complaint to determine whether venue is proper. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). However, the United States Court of Appeals for the Eleventh Circuit has established that, when considering facts outside the complaint, the court may only examine documents that are: (1) referred to in the complaint; (2) central to the plaintiff's claim; and (3) of undisputed authenticity. *See Roberts v. Carnival Corporation*, 824 F. App'x 825, 826 (11th Cir. 2020); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims."); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). In examining the record, the court must also draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *See Wai*, 315 F. Supp. at 1268.

## 2. Rule 12(b)(6) Motion for Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s

pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III.   DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's Complaint for improper venue because of a forum-selection clause in the Agreement. ECF No. [11] at 2. Defendants contend, in the alternative, that the Court should dismiss Plaintiff's Complaint for failure to state a claim under Bahamian law, which Defendants argue must be applied to this case due to a choice-of-law clause in the Agreement. *Id.* at 12. Plaintiff responds that the Court cannot consider the Agreement because Plaintiff did not reference the Agreement and because the Agreement is not central to Plaintiff's claims. ECF No. [16] at 3-7.

### 1.   References in the Complaint

The Court must first determine whether the Agreement may be considered when deciding a motion to dismiss. Because the Agreement is not within the "four corners of the complaint," *Maxcess, Inc.*, 433 F.3d at 1340, the Court must apply the Eleventh Circuit's test that limits courts to examine only the documents that are: (1) referred to in the complaint; (2) central to the plaintiff's claim; and (3) of undisputed authenticity. *See Roberts*, 824 F. App'x at 826; *Wilchombe*, 555 F.3d

at 959; *Maxcess, Inc.* 433 F.3d at 1340. In this case, it is apparent that the Agreement is not referenced in the Complaint. ECF No. [7]. Defendants do not contend otherwise in their Motion or Reply. ECF Nos. [11]; [17]. As such, Defendants' contention that the Court should consider the Agreement necessarily fails.

### 2.   Centrality to Plaintiff's Complaint

Even if the Agreement was referenced in the Complaint, the Court must then determine whether the Agreement is central to Plaintiff's claims. The Court finds that the Agreement is not central to Plaintiff's claims. *See Roberts*, 824 F. App'x at 826; *Wilchombe*, 555 F.3d at 959; *Maxcess, Inc.* 433 F.3d at 1340. In this case, Plaintiff alleges two counts against CMI Management. Plaintiff alleges CMI Management failed to provide Sarmiento prompt, adequate, and appropriate medical care under the Jones Act (Count I) and under general maritime law and DOHSA (Count II). ECF No. [7] ¶¶ 18-43. Plaintiff's first claim against CMI Management requires CMI Management to have been Sarmiento's employer by assuming control over Sarmiento's employment, but the existence of a formal contract is not necessary. *See Guidry v. South Lou. Contr., Inc.,* 614 F.2d 447, 454 (5th Cir. 1980) (finding that for Jones Act purposes, as long as an employer assumes control over the employee's employment, the employee may bring a claim against the employer under the Jones Act).[1] The Complaint states that CMI Management controlled all aspects of Sarmiento's employment, including hiring him, training him, assigning him tasks, supervising him, directing and monitoring his performance, maintaining the right to transfer, discipline, and fire him, managing his medical needs aboard the Vessel and shoreside, and handling all claims arising from his employment. ECF No. [7] ¶ 10. As such, the Court finds that CMI

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Management was Sarmiento's employer for Jones Act purposes and that a formal employment contract is not necessary or central to Plaintiff's claims.

Furthermore, it is important to note that the Agreement was between Sarmiento and CMI Leisure, Ltd., not Defendant CMI Management. It is not clear from the Complaint what type of relationship, if any, CMI Leisure, Ltd. has with Defendant CMI Management. When considering only the limited facts with which this Court must make a determination at this stage of the proceedings, the Agreement between Plaintiff and a non-party to the lawsuit cannot be deemed to be central to Plaintiff's claims.

Plaintiff's second claim based on general maritime law and DOHSA does not require an employment relationship at all. DOHSA states, "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." 46 U.S.C. § 30302; *see also Moyer v. Rederi*, 645 F. Supp. 620, 626 (S.D. Fla. 1986) (finding that DOHSA applied to a passenger on a vessel). An employment relationship is not a requisite element for the cause of action under DOHSA. *See id.* As such, an employment agreement between Sarmiento and a non-party to the lawsuit is not central to Plaintiff's claims against CMI Management.

Plaintiff's remaining two counts are against CMI Inc. for vicarious liability under general maritime law for negligence in the treatment of the decedent (Count III) and direct negligence (Count IV). ECF No. [7] ¶¶ 44-62. Plaintiff's claims against CMI Inc. do not depend on an employment relationship, but they are instead tort claims based on CMI Inc's failure to meet its general maritime duty of exercising reasonable care in the operation of the Vessel, particularly in regard to the Vessel's medical staff and pharmacy. *See id.* Sarmiento's employment status is

irrelevant to Plaintiff's claims against CMI Inc. who is evidently not Sarmiento's employer. *See* ECF No. [7] ¶ 12; ECF No. [16] at 6-7. As such, the Agreement between Plaintiff and CMI Leisure, Ltd., not Defendant CMI Inc., regarding Sarmiento's employment is once again not central to Plaintiff's latter two claims against CMI Inc.

Defendants argue that the Agreement is central to Plaintiff's claims because "but for" the Agreement Sarmiento would not have been employed on the Vessel and his employment on the Vessel led to the claims. ECF No. [17] at 1-2. While factually correct, this fact alone does not make the Agreement central to Plaintiff's Complaint. *See Roberts*, 824 Fed. App'x at 827 (finding that but-for causation was not enough to make a contract central to the plaintiff's claims). In *Roberts*, the defendant argued, in a motion to dismiss for improper venue, that the court should consider a ticket that was not included in the plaintiff's complaint. *Id.* The defendant argued that but-for the ticket, the plaintiff would not have been aboard the vessel where the plaintiff incurred her injuries. *Id.* Thus, according to the defendant, the ticket was central to the plaintiff's claims, the ticket could be considered in a motion to dismiss, and the ticket's forum-selection clause meant that the venue was improper. *Id.* The Eleventh Circuit, however, rejected the defendant's argument and made clear that but-for causation was insufficient in making the ticket central to the plaintiff's claim. *See id.*

In the Reply, Defendants attempt to distinguish *Roberts* from the present case by simply asserting that, because this case involves an employment contract and *Roberts* involved a passenger ticket, the Court should not consider *Roberts*. ECF No. [17] at 1-2. However, Defendants fail to elaborate on why a particular type of contract — a passenger ticket — should be treated differently than another type of contract — an employment contract — when evaluating the centrality of the contract to the claims at issue. *See id.* Given that the proposition underlying the

defendant's argument in *Roberts* and Defendants' argument in this case is that but-for causation is sufficient to establish centrality *and* given that the Eleventh Circuit has already found that but-for causation is insufficient to establish centrality, Defendants' argument fails. *See Roberts*, 824 Fed. App'x at 827. As such, the Court cannot consider the Agreement in deciding Defendants' Motion.

### 3.   Merits of 12(b)(6) Motion without the Agreement

The Court must now evaluate Defendants' improper venue argument without considering the Agreement. Venue in federal civil actions is governed by 28 U.S.C. § 1391. "Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *TMJ Practice Mgmt. Assocs.*, 2017 WL 3130421, at *3. According to the Complaint, CMI Management and CMI Inc. are both Florida corporations with principal places of business in Miami-Dade County. ECF No. [7] ¶ 3-4. Because the United States District Court for the Southern District of Florida is the judicial district in which Defendants reside, this Court finds that the venue is proper.

### 4.   Merits of 12(b)(3) Motion without the Agreement

Defendants plead, in the alternative, that the choice-of-law clause in the Agreement requires that Bahamian law be applied to this case. ECF No. [11] at 12. Defendants argue that Plaintiff has failed to plead a cause of action under Bahamian law because Plaintiff relies on the Jones Act and general maritime law in the United States. *Id.* at 12-13. However, as noted above,

given that the Court cannot consider the Agreement, the Court chooses to apply U.S. law in this case.

Accepting Plaintiff's allegations as true and evaluating all possible inferences derived from those facts in favor of Plaintiff, *see American Marine Tech, Inc.*, 418 F. Supp. 3d at 1079, the Court finds that the Complaint contains sufficient factual allegations to state a claim for relief under U.S. law. *See* ECF No. [7]. As such, the Court finds that Plaintiff has properly stated claims upon which relief can be granted.

Given this Court's conclusion that the venue is proper and Plaintiff has stated claims upon which relief can be granted, the Court finds that Defendants' Motion must be denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss with Prejudice, **ECF No. [11]**, is **DENIED**.

2. Defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss, **ECF No. [20]**, is **DENIED AS MOOT**.

3. Defendant shall file an answer to the First Amended Complaint, **ECF No. [7]**, **no later than October 18, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record