UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 21-cv-22001-BB

MIGUEL ALFONSO SARMIENTO LOPEZ,
as Personal Representative of the Estate of
MIGUEL ANGEL SARMIENTO BENEGAS,

    Plaintiff,

v.

CMI LEISURE MANAGEMENT, INC.
and CRUISE MANAGEMENT
INTERNATIONAL, INC.,

    Defendants.
_____/

## DEFENDANT CRUISE MANAGEMENT INTERNATIONAL, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, CRUISE MANAGEMENT INTERNATIONAL, INC. ("Defendant"), by and through the undersigned attorneys, files its answer to Plaintiff's Second Amended Complaint [D.E. 40] and asserts its affirmative defenses as follows:

### GENERAL ALLEGATIONS

1. Denied.

2. Admitted that MIGUEL ANGEL SARMIENTO BANEGAS was a citizen of Honduras working onboard the *World Odyssey* as an Assistant Cook, which was owned *pro hac vice* by the Institute for Shipboard Education.

3. Unknown, therefore denied.

4. For purposes of this litigation only, Defendant admits only that it is a

Florida Corporation with an office in the State of Florida, and is subject to the jurisdiction of this Court. However, denied that venue is proper as the Decedent's Employment Contract calls for the matter to be litigated in The Bahamas. All remaining allegations in paragraph 4 are denied.

5. For purposes of this litigation only, Defendant admits only that it is a Florida Corporation with an office in the State of Florida, and is subject to the jurisdiction of this Court. However, denied that venue is proper as the Decedent's Employment Contract calls for the matter to be litigated in The Bahamas. All remaining allegations in paragraph 5 are denied.

6. Denied.

### b. Status of the Parties

7. Unknown, therefore denied.

8. Unknown, therefore denied.

9. Denied.

10. Denied.

11. Admitted that ISE was the owner pro hac vice of the *World Odyssey*, which it used for the Semester at Sea program. All remaining allegations are denied.

12. Denied.

13. Denied.

### d. The Underlying Incident

14. Admitted that on or about August 28, 2019, Decedent underwent a

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Pre-Sea and Periodic Medical Fitness Examination and was found to be fit for look out duty and fit for service, without restrictions. The remainder of allegations in paragraph 14 are denied.

15. Admitted that Sarmiento exhibited symptoms while working onboard the *World Odyssey* in November 2019. All remaining allegations are denied.

16. Denied.

17. Denied.

## COUNT I
### JONES ACT CLAIM AGAINST CMI-L FOR NEGLIGENT FAILURE TO PROVIDE PROMPT, ADEQUATE AND APPROPRIATE MEDICAL CARE

Count I is not directed to CRUISE MANAGEMENT INTERNATIONAL, INC. and therefore no response is necessary. To the extent a response is required, CRUISE MANAGEMENT INTERNATIONAL, INC. denies each and every allegation in Paragraphs 18 through 32 in Count I of Plaintiff's Amended Complaint, including all subparts.

## COUNT II
### CLAIM AGAINST CMI-L UNDER GENERAL MARITIME LAW AND DOHSA FOR FAILURE TO PROVIDE PROMPT, ADEQUATE AND PROPER MEDICAL CARE

Count II is not directed to CRUISE MANAGEMENT INTERNATIONAL, INC. and therefore no response is necessary. To the extent a response is required, CRUISE MANAGEMENT INTERNATIONAL, INC. denies each and every allegation in Paragraphs 33 through 43 in Count II of Plaintiff's Amended Complaint, including all subparts.



Case No: 21-cv-22001-BB

## COUNT III

### VICARIOUS LIABILITY CLAIM AGAINST CMI INC UNDER THE GENERAL MARITIME LAW FOR NEGLIGENCE IN THE TREATMENT OF DECEDENT

44. Defendant re-alleges and re-adopts each of its responses to Paragraphs 1 through 17 above as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied, including all subparagraphs (a) through (s).

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

Wherefore clause—Denied.

## COUNT IV

### CMI INC'S OWN DIRECT NEGLIGENCE

54. Defendant re-alleges and re-adopts each of its responses to Paragraphs 1 through 17 above as if fully set forth herein.

55. Denied.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

56. Denied.

57. Denied, including all subparagraphs (a) through (j).

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

Wherefore clause—Denied.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, Defendant states as follows:

### First Affirmative Defense

Plaintiffs' Second Amended Complaint fails to state a cause of action upon which relief may be granted for Vicarious Liability and Direct Negligence, and therefore, should be dismissed with prejudice.

### Second Affirmative Defense

Plaintiff is not entitled to recover damages to the extent they were caused by actions of Decedent.

### Third Affirmative Defense

There is no cause of action as Defendant did not create or maintain any dangerous or defective condition, and had no actual or constructive notice of any dangerous conditions.

### Fourth Affirmative Defense

To the extent any damages are recoverable by Plaintiff they are limited to pecuniary losses only.

### Fifth Affirmative Defense

This action is governed by Bahamian law pursuant to the Decedent's employment Contract.

### Sixth Affirmative Defense

Defendant is entitled to a set-off for the value of benefits paid or payable to or on behalf of Plaintiff or Decedent from any collateral source.

### Seventh Affirmative Defense

Plaintiff's claims are subject to, and any damages are limited in accordance with, the terms and conditions of Decedent Sarmiento's contract(s) of employment, and any collective bargaining agreement incorporated therein, and Defendant reserves all rights under such contracts.

### Eighth Affirmative Defense

Plaintiff and/or the estate's alleged beneficiaries and/or the decedent's alleged dependents have failed to mitigate their damages.

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### Ninth Affirmative Defense

Defendant alleges that Plaintiff's damages were caused either in whole or in part by Decedent's own negligent acts or omissions, and that such negligent acts and/or omissions, including but not limited to the failure to exercise reasonable care for his own safety, were the sole and proximate cause of any and all injuries or damages as alleged in the Amended Complaint, and as such, the Plaintiff's right to recovery is either barred or, without admitting liability, an award, if any, shall be reduced pursuant to the doctrine of Comparative Negligence.

### Tenth Affirmative Defense

Defendant alleges without admitting liability that Plaintiff's damages were caused either in whole or in part by the acts and/or omissions of third persons, for whom Defendant is not responsible and that amounts to a superseding cause that cuts off any causal connection between Defendant's alleged negligence, if any, and Plaintiff's injuries.

### Eleventh Affirmative Defense

Defendant alleges that no dangerous condition existed that caused or contributed to Plaintiff's alleged incident. Alternatively, if the dangerous condition described in Plaintiff's Complaint did exist, Defendant alleges the Decedent failed to observe an open and obvious condition; and it was the negligence of the Decedent in failing to use his own senses, which gave rise to the alleged accident and any

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

alleged injury arising there from, and therefore Plaintiff cannot recover for the alleged accident

### Twelfth Affirmative Defense

Defendant alleges there is no cause of action as Defendant had no actual or constructive notice of any dangerous condition(s). Moreover, as Defendant had no actual or constructive notice of any dangerous condition, Defendant had no duty to warn.

### Thirteenth Affirmative Defense

Defendant alleges without admitting liability, upon information and belief that the injuries alleged by the Plaintiff in the Second Amended Complaint were pre-existing. Therefore, Defendant cannot be held liable for such injuries and/or medical conditions, as they would have been inevitably worsened. Alternatively, if Decedent was injured as alleged, such injuries extend only to an aggravation of the pre-existing conditions.

### Fourteenth Affirmative Defense

Defendant alleges without admitting liability, that it is entitled to a set-off for any and all monies paid on behalf of Plaintiff and/or the Decedent and/or the Decedent's estate towards Decedent's treatment and/or medical care as well as any monies received from collateral sources for the damages alleged in the Second Amended Complaint.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Case No: 21-cv-22001-BB

### Fifteenth Affirmative Defense

Defendant alleges, without admitting liability, that upon information and belief, Plaintiff and/or the Estate and/or the decedent's alleged dependents failed to mitigate their damages, and therefore, any damages awarded should be reduced accordingly.

### Sixteenth Affirmative Defense

Defendant alleges that upon information and belief Decedent failed to seek timely and/or appropriate medical treatment for the injuries/illness alleged in the Second Amended Complaint, which failure exacerbated any injury/illness and any damages award must be reduced accordingly

### Seventeenth Affirmative Defense

Defendant alleges, without admitting liability, that the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

### Eighteenth Affirmative Defense

Defendant alleges that there is no cause of action, as Defendant did not employ the medical staff.

### Nineteenth Affirmative Defense

Defendant alleges that the Decedent expressly and/or impliedly assumed the risk involved in the alleged condition, knew or should have known of the danger complained of in the Second Amended Complaint, realized and appreciated the

9

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

possibility of illness as a result of the dangers, and having reasonable opportunity to avoid them, voluntarily exposed himself to the dangers, and therefore Defendant is not liable.

Defendant, CRUISE MANAGEMENT INTERNATIONAL, INC. reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, Defendant, CRUISE MANAGEMENT INTERNATIONAL, INC. demands this Honorable Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief this Court deems just and proper.

Respectfully Submitted,

/s/ William F. Clair
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant*

Case No: 21-cv-22001-BB

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ William F. Clair
William F. Clair, Esq.

**SERVICE LIST**

| THE PELTZ LAW FIRM, P.A.<br>Robert D. Peltz, Esq.<br>P.O. Box 56-0003<br>Miami, FL 33256<br>RPeltzLaw@Gmail.com<br><br>And<br><br>**LOUIS A. VUCCI, P.A.**<br>Louis Vucci, Esq.<br>1 S.E. 3rd Avenue, Suite 3020<br>Miami, Florida 33131<br>Telephone: (305) 573-0125<br>Facsimile: (786) 536-7799<br>Louis@thevuccilawgroup.com<br>*Attorneys for Plaintiff* | **HAMILTON, MILLER & BIRTHISEL, LLP**<br>Jerry D. Hamilton, Esq.<br>jhamilton@hamiltonmillerlaw.com<br>William F. Clair, Esq.<br>wclair@hamiltonmillerlaw.com<br>Annalisa Gutierrez, Esq.<br>agutierrez@hamiltonmillerlaw.com<br>150 Southeast Second Avenue<br>Suite 1200<br>Miami, Florida 33131-2332<br>Tel: (305) 379-3686<br>Facsimile: (305) 379-3690<br>*Attorneys for Defendant* |
|---|---|