UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22001-BLOOM/Otazo-Reyes

MIGUEL ALFONSO SARMIENTO
LOPEZ, as Personal Representative of the
Estate of MIGUEL ANGEL
SARMIENTO BENEGAS,

    Plaintiff,
v.

CMI LEISURE MANAGEMENT, INC.
and CRUISE MANAGEMENT
INTERNATIONAL, INC., INSTITUTE FOR
SHIPBOARD EDUCATION and GREACCE KELLY
ESCOBAR ALFONSO, M.D.,

    Defendants.
_____/

## DEFENDANT GREACCE KELLY ESCOBAR ALFONSO, M.D.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, GREACCE KELLY ESCOBAR ALFONSO, M.D. (hereinafter "Dr. Escobar"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil procedure and Florida Statutes, hereby makes this limited appearance for the specific purpose of moving to dismiss Plaintiff's Complaint against Dr. Escobar [21-23903-CIV ECF 1] for lack of personal jurisdiction, and states:

### INTRODUCTION

Plaintiff, MIGUEL ALFONSO SARMIENTO LOPEZ ("Plaintiff"), as Personal Representative of the Estate of MIGUEL ANGEL SARMIENTO BENEGAS ("Decedent"), alleges damages against Dr. Escobar for an illness suffered by Decedent while working onboard the *M/V World Odyssey* ("the vessel"). [21-23903-CIV ECF 1] Dr. Escobar is a citizen of

Colombia. Dr. Escobar has virtually no ties to Florida except sporadic and fortuitous contacts. No personal jurisdiction exists over Dr. Escobar and Plaintiff's Complaint against Dr. Escobar must be dismissed for lack of personal jurisdiction.

Decedent does not, as he cannot, allege sufficient facts to bring this action against Dr. Escobar, a foreign Defendant, within the ambit of Florida's long-arm statute § 48.193. The Court cannot exercise specific jurisdiction because the subject incident did not occur in Florida. Similarly, the Court cannot exercise general jurisdiction because, even accepting the allegations in Plaintiff's Complaint, this does not come close to being the "exceptional case" the Supreme Court contemplated where a foreign corporation meets the very stringent "at home" test for general jurisdiction. Indeed, *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) signaled a "dramatic change" and made it "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."

## Statement of Jurisdictional Facts

1. Dr. Escobar, who was employed to be the shipboard doctor on the *M/V World Odyssey* is a citizen of Colombia. *See Miguel Alfonso Sarmiento Lopez as personal representative of the Estate of Miguel Angel Sarmiento Benegas v. Institute for Shipboard Education and Greacce Kelly Escobar Alfonso, M.D., originating Case No. 1:21-cv-23903* Complaint (hereinafter "Sarmiento v. Escobar Complaint") [21-23903-CIV ECF 1 at 5]

2. The incident alleged in the Complaint does not have any connection with the State of Florida, and did not cause injury to a person or property in Florida. *Id.* at ¶¶ 20-22.

3. At the time of the alleged illness of Mr. Sarmiento, Dr. Escobar was working on as the shipboard doctor onboard the vessel, *M/V World Odyssey. See* Declaration in Support of Greacce Kelly Escobar Alfonso, M.D. at ¶ 17 attached as "Exhibit A."

4. Dr. Escobar never provided the Plaintiff with any medical services in the State of Florida or in the Florida territorial waters. *See* Exhibit A, ¶ 18.

5. Dr. Escobar has never operated, conducted, engaged in, or carried on a business or business venture in the State of Florida. *See* Exhibit A, ¶ 5.

6. Dr. Escobar has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of Florida and has never maintained an office in Florida. *See* Exhibit A, ¶¶ 6-7.

7. Dr. Escobar has never engaged in solicitation or service activities in the State of Florida. *See* Exhibit A, ¶ 9.

8. Dr Escobar has never been involved in any substantial activity in Florida and her only contact with the State of Florida has been either incidental to her work onboard cruise ships for connection of flights or personal in nature and occurring in between voyages. *See* Exhibit A, ¶¶ 12-13.

9. Dr. Escobar is not licensed to practice medicine in Florida or anywhere else in the United States. *See* Exhibit A, ¶ 14.

10. Dr. Escobar had no expectation nor could foresee that she would be subjected to jurisdiction in the State of Florida, or any place in the United States. *See* Exhibit A, ¶ 2.

11. Dr. Escobar at no time performed or did any activities that would be reasonably expected for her to be hailed into the courts in Florida. *See* Exhibit A, ¶ 22.

12. At all times material, the *M/V World Odyssey* has been registered in and flagged in The Bahamas.

Case No. 21-cv-22001-BLOOM/Otazo-Reyes

### III.     Memorandum of Law

**A.  Legal standard for conferring jurisdiction over a nonresident defendant**

A federal court sitting in admiralty undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the traditional notions of fair play and substantial justice of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Tarasewicz v. Royal Caribbean Cruises, Ltd.*, No. 14-CIV-60885, 2015 U.S. Dist. LEXIS 84779 at *56 (S.D. Fla. June 30, 2015). *See also Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1203 (11th Cir. 2015) citing *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir.2009).; "First, the court must determine whether the plaintiff has alleged facts sufficient to establish a basis for jurisdiction under Florida's long-arm statute.  If the answer is yes, then the court must determine whether the exercise of jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. 'Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.'" *Israel v. Alfa Laval, Inc.*, No. 8:20-cv-2133-WFJ-AAS, 2021 U.S. Dist. LEXIS 81200, at *5-6 (M.D. Fla. Apr. 28, 2021). (citing *See Madara*, 916 F.2d at 1514).

"A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida, *id.* § 48.193(2)." *Id* at 1203-1204.

"Specific jurisdiction 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)) (cleaned up)). "Under Eleventh Circuit precedent, specific jurisdiction exists if the following three prongs are satisfied: (1) the plaintiff has established that his claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) the plaintiff has demonstrated that the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state; and (3) the exercise of jurisdiction would not violate traditional notions of fair play and substantial justice." *Id.* (citing *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

"The reach of section 48.193(2) extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Carmouche,* 789 F.3d at 1204 (citing *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). Thus, a district court has general jurisdiction over a defendant under section 48.193(2), only when the exercise of jurisdiction over said defendant does not exceed constitutional bounds. *Id.* citing *Fraser v. Smith*, 594 F. 3d 842, 846 (11th Cir. 2010). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations, without offending due process when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Carmouche,* 789 F.3d at 1204 citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 920, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 *(2011)* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S. Ct. 154, 159, 90 L. Ed. 95 (1945)).

However, even before the Court engages in the first step of the above noted analysis, it should first determine whether the Complaint contains sufficient material facts to support the

exercise of jurisdiction. As the Eleventh Circuit recently reiterated, "a plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

"When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id*. "If defendants sufficiently challenge plaintiff's assertions, then plaintiff must affirmatively support his or her jurisdictional allegations, and may not merely rely upon the factual allegations set forth in the complaint." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1137 (S.D. Fla. 2009); *see also Yepez v. Regent Seven Seas Cruises*, 10-23920-CIV, 2011 WL 3439943, *1 (S.D. Fla. 2011) (King, J) ("t]he party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. Fed.R.Civ.P. 8(a)").

  **B.**  **Plaintiff's Complaint Fails to Satisfy the Initial Burden of Establishing a *Prima Facie* Basis for Specific Jurisdiction over Dr. Escobar.**

Plaintiff does not allege in his Complaint that the subject incident occurred in Florida. *See* Sarmiento v. Escobar Complaint [21-23903-CIV ECF 1 at ¶ 20] Plaintiff does not allege that Dr. Escobar committed a tortious act within this state. *Id.* It appears that the sole argument for the application of specific jurisdiction rests on the theory that that Dr. Escobar "was a medical doctor hired by the Defendant ISE through its agent CMI in Florida to serve as the ship's physician." [ECF No. 41-1 at ¶ 44] As addressed in Defendant's Motion to Dismiss with Prejudice Complaint by Institute of Shipboard Education [ECF 52], ISE itself is not under the personal jurisdiction of this Court, thus a Colombian citizen, hired by a company that is not subject to Florida's personal jurisdiction, through an agent that has an office in Florida, is certainly not

enough to bring a Defendant into the personal jurisdiction pursuant to Fla. Stat. § 48.193. Thus, Plaintiff's allegations cannot support the exercise of specific jurisdiction.

"[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Wolf v. Celebrity Cruises Inc.,* 683 F. App'x 786, 793 (11th Cir. 2017). With regard to the negligence of a ship's physician, "Florida case law . . . is clear: <u>Florida Courts only have [specific] personal jurisdiction over a ship's doctor if the alleged malpractice occurred inside Florida's territorial boundaries</u>. *Laux v. Carnival Corp*. 470 F. Supp. 2d 1379, 1382 (S.D. Fla. 2007)(emphasis added). "The Florida long-arm statute provides, in relevant part, that a defendant submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the defendant's acts of [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. *Id*. (internal quotations omitted). In other words, specific jurisdiction also "requires a causal connection between the defendant's activities in Florida and the plaintiff's cause of action, a requirement known as 'connexity.'" *Canale v. Rubin,* 20 So.3d 463, 466 (Fla. 2d DCA 2009) (citing *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002)). Absent connexity, the existence of "business activities [in the forum] are irrelevant." *Banco de los Trabajadores v. Moreno*, 237 So. 3d 1127, 1137 (Fla. 3d DCA 2018). While the specific jurisdiction inquiry does not require proof of but for causation, specific personal jurisdiction still has real limitations and "'does not mean anything goes' in the context of specific jurisdiction. *Israel v. Alfa Laval, Inc.*, No. 8:20-cv-2133-WFJ-AAS, 2021 U.S. Dist. LEXIS 81200, at *9 (M.D. Fla. Apr. 28, 2021)(citing *Ford*, 141 S. Ct. at 1026.)

In *Elmund v. Mottershead*, 750 So. 2d 736 (Fla. 3d DCA 2000), the plaintiff's decedent died, while a passenger onboard a cruise ship, allegedly as a result of medical malpractice of the shipboard doctor, an English citizen only licensed to practice in the United Kingdom. In affirming the trial court's decision that it did not have personal jurisdiction over the doctor, the court held that "there is no connexity under section § 48.193(1)(a) between the present claim, which arose during the doctor's discrete, non-Florida activities on the high seas, and whatever he did in Florida." *Id*. at 737.

In the present case, Plaintiff does not allege that Dr. Escobar committed a tortious act in Florida, much less allege that any activities occurred in Florida that caused the alleged injuries. *See* Sarmiento v. Escobar Complaint. [21-23903-CIV ECF 1] In fact, when discussing the actual injury, there is absolutely no mention of Florida at all, but rather, only vague references to multiple countries, ports of calls, and in general, the United States. *See generally id.* In sum, he cannot assert specific jurisdiction based on any tort claims related to the incident. In *Wolf*, a cruise passenger alleging injuries during a shore excursion, the Eleventh Circuit found that specific jurisdiction could not be exercised for this exact reason. 683 F. App'x at 793 ("Mr. Wolf does not allege that OCT committed a tortious act in Florida and cannot assert specific jurisdiction based on any tort claims related to the incident that occurred in Costa Rica."); *see also Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1343 (S.D. Fla. 2016) (Ungaro, J) (finding shore excursion operator was not subject to jurisdiction under subsection (1)(a)(1) because it had not operated in Florida and plaintiff failed to allege a nexus between the court and the operator's alleged activities); *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 36030, at *14 (S.D. Fla. Mar. 15, 2013) (Cooke, J) (citing *Island Sea-Faris, Ltd. v. Haughey*, 13 So. 3d 1076 (Fla. 3d DCA 2008) ("[i]f Plaintiff relies on Fla. Stat. § 48.193(1), then Plaintiff must show

that there is a nexus between the alleged tort and [Out Island's] activities in Florida.")). Florida's Third District Court of Appeals has even recognized "that recent constitutional jurisprudence suggests that, to comply with the Fourteenth Amendment's due process requirement, a state court may exercise specific jurisdiction over a non-resident defendant only when the complained-of injury actually occurs in the forum state." *Banco de los Trabajadores,* 237 So. 3d at 1136 n.10 (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 198 L. Ed. 2d 395 (2017)).

In the present case, not only does Plaintiff's Complaint fail to allege that Dr. Escobar committed *any* of the acts enumerated in Fla. Stat. §48.193(1) but, even if she had, it is irrefutable that Plaintiff's underlying causes of action did not arise out of any act in Florida or in Florida territorial waters. Further, Dr. Escobar provided a sworn affidavit attesting that she never provided the Decedent with any medical attention or medical services in the State of Florida or in Florida territorial waters *(Exhibit* "A," ¶ 18) and Plaintiff's underlying claim is that the allegedly negligent medical treatment occurred in international waters but fails to even state a general country or part of the world the ship was in. (21-23903-CIV ECF 1 ¶ 20). Plaintiff's Complaint fails to satisfy the initial burden of establishing a prima facie basis for specific jurisdiction over Dr. Escobar. Thus, his Complaint against Dr. Escobar must be dismissed.

  **C.**  **Plaintiff's Complaint does not allege, much less establish a *prima facie* basis for general personal jurisdiction over Dr. Escobar.**

Fla. Stat. § 48.193(2) provides that a "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state whether or not the claim arises from that activity." "[T]he requirement of continuous and systematic general business contacts establishes a much higher threshold than the minimum contacts required to assert specific

jurisdiction." *American Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127-1128 (Fla. 1st DCA 1994). "General jurisdiction requires far more wide-ranging contacts with the forum state than specific jurisdiction, and it is thus more difficult to establish." *Biloki v. Majestic Greeting Card Co., Inc.*, 33 So. 3d 815 (Fla. 4th DCA 2010).

The Southern District of Florida has held that, to invoke general jurisdiction under §48.193(2), a non-resident defendant's contacts with Florida must be "so extensive as to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Baker v. Carnival Corp.*, 2006 U.S. Dist. LEXIS 85114 at *7 - *8 (S.D. Fla. 2006) (emphasis added). In interpreting §48.193(2):

> Florida courts have held this "substantial and not isolated activity" requirement to mean, and subsume, the "continuous and systematic business contacts" standard sufficient to satisfy the due process requirement of minimum contacts for general jurisdiction, as set forth by the Supreme Court in *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L.Ed. 2d 404 (1984), such that "if the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied."

*United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1275 n. 16 (11th Cir. 2009) (quoting *Woods v. Nova Companies Belize, Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999)); *see also Dean v. Jones*, 789 So. 2d 1072, 1077 (Fla. 1st DCA 2001). In *Helicopteros*, a Colombian company, Helico, sent its chief executive to Texas to negotiate a contract, accepted checks into its New York bank account that were drawn on a Texas bank, purchased millions of dollars in helicopters and equipment from Texas, sent its pilots to Texas for training and to ferry the purchased helicopters to South America, and sent management and maintenance personnel to Texas for

training and consultation. *See Helicopteros*, 466 U.S. at 415. Notwithstanding, the Supreme Court found that Texas did not have general jurisdiction over Helico.

By following the same reasoning in *Helicopteros,* Florida's federal and state courts routinely hold that that non-resident ship's physicians and nurses are not subject to general jurisdiction in Florida. In fact, despite a long history of cases being brought searching for general jurisdiction over a ship's doctor in Florida, there is a wide range of holdings finding it does not exist.[1] *See Laux v. Carnival Corp*., 470 F. Supp. 2d 1379 (S.D. Fla. 2007); *Elmund v. Mottershead*, 750 So. 2d 736 (Fla. 3d DCA 2000); *Farrell v. Royal Caribbean Cruises, Ltd*., 2013 U.S. Dist. LEXIS 8135 (S.D. Fla. 2013); *Hesterly v. Royal Caribbean Cruises, Ltd*., No. 06-22862-civ-Gold, 2008 U.S. Dist. LEXIS 13892 (S.D. Fla. 2008); *Small v. Chicola*, 929 So. 2d 1122 (Fla. 3d DCA 2006); *Barnett v. Carnival Corp*., 2007 AMC 1453 (S.D. Fla. 2007); *Rana v. Flynn*, 823 So. 2d 302 (Fla. 3d DCA 2002); *Benson v. Norwegian Cruise Line, Ltd*., 859 So. 2d 1213 (Fla. 3d DCA 2003); *Rossa v. Sills,* 493 So. 2d 1137 (Fla. 4th DCA 1986).

In the present case, Plaintiff's Complaint is completely deviod of any allegations whatsoever to show Dr. Escobar had any contacts with the State of Florida, with the exception that she was hired through ISE, through an "agent" who has an office in Miami. [ECF No. 41-1 at ¶ 44] Plaintiff attempts to surmise that by discussing CMI on their website, ISE is somehow adopting CMI as part of their own company, along with their business places in Miami. Further, Plaintiff is attempting to argue that because ISE, who is not subject to personal jurisdiction in

---

[1] The only apparent Florida state court decision to hold that a non-resident ship's physician was subject to general personal jurisdiction in Florida was quickly overruled by the Third District Court of Appeals based on the overwhelming harmony and uniformity of maritime law on this topic. *See Taylor v. Gutierrez*, 129 So. 3d 415 (Fla. 3d DCA 2013)("because Dr. Taylor's contacts with the State of Florida were not sufficient to meet either Florida's long arm statute, section 48.193, or the federal due process considerations set forth by the United States Supreme Court in *Helicopteros*, the court below erred in finding general jurisdiction over him. We therefore reverse the order denying Dr. Taylor's motion to dismiss for lack of personal jurisdiction, and remand with instructions to enter an order of dismissal.").

Florida either, but may have an agent who is located in Miami, hired Dr. Escobar, that would be enough to bring Dr. Escobar until the jurisdiction of Florida. There are absolutely no mentions throughout the remainder of the Complaint as to any nexus Dr. Escobar may have with Florida. By Plaintiff's argument, any person who is hired by a company that does business with a company in another state would essentially be subject to the personal jurisdiction of that state, just by associating itself publicly with it. Nowhere in the Complaint is it argued that Dr. Escobar herself operated, conducted or carried out any business in Florida, maintained an office or agency in Florida or purposefully availed itself of the benefits or privileges of business in Florida.

Conversely, Dr. Escobar provided a sworn affidavit attesting that, among other things, she is a citizen of Colombia and has never been a citizen or resident of Florida or the United States. *Exhibit* "A," ¶ 4. She has never operated, conducted, engaged in, or carried on a business or business venture in the State of Florida and has never had an office or agency in the State of Florida. *Exhibit* "A," ¶ 5. She has never been engaged in any substantial activity within Florida or anywhere in the United States and her only contact with the State of Florida has been either incidental to her work onboard cruise ships or personal in nature and occurring in between voyages. *Exhibit* "A," ¶ 12-13. Plaintiff's Complaint does not contain *any* factual allegations to show that Dr. Escobar had any contacts with Florida, let alone substantial contacts which would subject her to the high threshold that a finding of general personal jurisdiction requires.

## Conclusion

Plaintiff's Complaint fails to satisfy the initial burden of establishing a prima facie basis for personal jurisdiction over Dr. Escobar. Dr. Escobar is not at home in Florida and specific jurisdiction cannot be exercised for lack of connexity. Furthermore, exercising personal

jurisdiction over Dr. Escobar would not satisfy the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.  For the foregoing reasons, Dr. Escobar respectfully submits the Court should dismiss the action against her with prejudice.

WHEREFORE, Defendant GREACCE KELLY ESCOBAR ALFONSO, M.D. prays this Honorable Court enter an Order granting the within Motion and any other relief deemed just and proper.

Dated: February 7, 2022

Respectfully submitted,

/s/ *Annalisa Gutierrez*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Charlotte P. Zubizarreta
Florida Bar No. 100097
czubizarreta@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendants*

Case No. 21-cv-22001-BLOOM/Otazo-Reyes

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

Respectfully submitted,
/s/ *William F. Clair*
William F. Clair

## SERVICE LIST

| **THE PELTZ LAW FIRM, P.A.** | **HAMILTON, MILLER & BIRTHISEL, LLP** |
|---|---|
| Robert D. Peltz, Esq. | Jerry D. Hamilton, Esq. |
| P.O. Box 56-0003 | jhamilton@hamiltonmillerlaw.com |
| Miami, FL 33256 | William F. Clair, Esq. |
| RPeltzLaw@Gmail.com | wclair@hamiltonmillerlaw.com |
|  | Annalisa Gutierrez, Esq. |
| *And* | agutierrez@hamiltonmillerlaw.com |
|  | 150 Southeast Second Avenue |
| **LOUIS A. VUCCI, P.A.** | Suite 1200 |
| Louis Vucci, Esq. | Miami, Florida 33131-2332 |
| 1 S.E. 3rd Avenue, Suite 3020 | Tel: (305) 379-3686 |
| Miami, Florida 33131 | Facsimile: (305) 379-3690 |
| Telephone: (305) 573-0125 | *Attorneys for Defendants* |
| Facsimile: (786) 536-7799 |  |
| Louis@thevuccilawgroup.com |  |
| *Attorneys for Plaintiff* |  |