UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22001-BLOOM/Otazo-Reyes**

MIGUEL ALFONSO SARMIENTO
LOPEZ, as Personal Representative of the
Estate of MIGUEL ANGEL
SARMIENTO BENEGAS,

    Plaintiff,

v.

CMI LEISURE MANAGEMENT, INC.
and CRUISE MANAGEMENT
INTERNATIONAL, INC.,

    Defendants.

_____/

## ORDER ON ISE'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Institute for Shipboard Education, Inc.'s ("Defendant" or "ISE") Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, ECF No. [52] ("Motion"). Plaintiff Miguel Alfonso Sarmiento Lopez ("Plaintiff") filed a Response in Opposition, ECF No. [56] ("Response"), to which Defendant filed a Reply, ECF No. [59] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On November 5, 2021, Plaintiff filed a Complaint against Defendant ISE in a related case. *See* 21-cv-23903-ECF No. [1] ("Complaint").[1] On December 14, 2021, the Court consolidated the related case with the above-styled case. *See* ECF No. [46]. In the Complaint, Plaintiff asserts four

---

[1] All references to the Complaint filed in the related case will be cited as "ECF No. [1]."

counts against Defendant ISE: vicarious liability for the negligence of its employee Dr. Grace Escobar ("Dr. Escobar") who was performing a non-delegable duty ("Count I"); direct negligence ("Count II"); vicarious liability for the negligence of Dr. Escobar under a theory of joint venture ("Count IV"); and unseaworthiness ("Count V"). *See generally* ECF No. [1].

According to the Complaint, decedent Miguel Angel Sarmiento Banegas ("Sarmiento") was a Honduran citizen working aboard the *MV World Odyssey* ("Vessel"). *Id.* ¶ 2. Defendant ISE is a Virginia corporation with its principal place of business in Colorado, *id.* ¶ 4, and was the owner *pro hac vice* of the Vessel at the time Sarmiento was working aboard the Vessel, *id.* ¶ 3. In November 2019, Sarmiento began suffering from symptoms of malaria or a similar disease while working aboard the Vessel. *Id.* ¶ 20. As the owner *pro hac vice* of the Vessel, ISE owed a non-delegable duty to provide prompt, adequate, and proper medical care for all illnesses, diseases, injuries, and conditions contracted, aggravated, or manifesting themselves during Sarmiento's service to the Vessel. *Id.* ¶ 21. ISE failed to fulfill its duties and properly provide Sarmiento's medical care. *Id.* ¶ 22. On or about November 19, 2019, Sarmiento died of toxic shock resulting from his illness. *Id.*

Defendant filed the instant Motion and contends that the Complaint should be dismissed for lack of personal jurisdiction over Defendant. *See generally* ECF No. [52]. Plaintiff filed his Response arguing that the Court has specific personal jurisdiction over Defendant by virtue of the activities of its agents in Florida, namely CMI Leisure Management ("CMI"), Cruise Management International Leisure ("CMI-L"), and Vikand Solutions ("Vikand"). *See generally* ECF No. [56]. Defendant's Reply followed. *See generally* ECF No. [59].

## II.     LEGAL STANDARD

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

"Where . . . the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If the defendant makes a sufficient showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Conclusory statements, "although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). Moreover, "where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.*

Furthermore, a court must conduct a two-part inquiry when deciding the issue of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623 (11th Cir. 1996). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Sculptchair,* 94 F.3d at 626. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction. *See* Fla. Stat. §§ 48.193(1)-(2); *see also easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020). The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law, and that federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352. If the requirements of the long-arm statute are satisfied, under either general jurisdiction or specific jurisdiction, then the court must also consider the federal Due Process Clause. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000).

The court's analysis of the Due Process Clause depends on three factors: (1) defendant's purposeful availment of the forum state; (2) the cause of action arising out of the activities of which the defendant purposefully availed himself; and (3) reasonable foreseeability of the defendant being haled into court in the forum state. *See id.* (citing *Burger King,* 471 U.S. at 475). In addition,

the court must determine whether exercising jurisdiction will comport with traditional notions of fair play and substantial justice, meaning the court must balance: "(a) the burden on the defendant; (b) the forum state's interest in adjudicating the dispute; (c) the plaintiff's interest in obtaining convenient and effective relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantial social policies." *Id.* at 1251 (citing *Burger King*, 471 U.S. at 466).

### III. DISCUSSION

Defendant challenges the Court's personal jurisdiction. *See* ECF No. [52]. As noted above, Florida's long-arm statute recognizes two types of personal jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction. *See* Fla. Stat. §§ 48.193(1)-(2); *see also easyGroup Ltd.*, 2020 WL 5500695, at *6. The Parties agree that the Court does not have general jurisdiction over Defendant. *See generally* ECF Nos. [56]; [59] at 2. Therefore, the pertinent issues before the Court are whether the Court has specific jurisdiction over Defendant and whether the exercise of personal jurisdiction would violate the Due Process Clause.

#### A. Specific Jurisdiction

Defendant argues that the Court does not have personal jurisdiction over Defendant because Defendant does not have any agents or partners in Florida and Defendant does not have a joint venture with CMI in Florida. *See* ECF No. [59] at 5-10. Defendant specifically argues that CMI, CMI-L, and Vikand are not agents or partners but rather "independent contractor[s]" or "service provider[s]" who cannot confer personal jurisdiction over Defendant. *Id.* at 7, 11. Plaintiff argues that the Court has specific jurisdiction over ISE pursuant to Fla. Stat. § 48.193(1)(a)(1) because CMI, CMI-L, and Vikand were ISE's agents that have offices in Florida and were negligent in performing their duties as ISE's agents in Florida. *See* ECF No. [56] at 4-11. Plaintiff

5

also argues that the negligence of ISE's agents has a "connexity" to the subject incident that gave rise to the cause of action. *See id.* at 11-16.

The Court agrees with Plaintiff. As an initial matter, Fla. Stat. § 48.193 states that courts have specific personal jurisdiction over:

> (1)(a)   A person, whether or not a citizen or resident of this state, who personally or *through an agent* does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

Fla. Stat. § 48.193(1) (emphasis added). Therefore, if Plaintiff can demonstrate that Defendant's agents operated, conducted, engaged in, or carried on a business or business venture in this state or had an office or agency in Florida, then the Court has specific jurisdiction over Defendant. *See John Scott, Inc. v. Munford, Inc.*, 670 F. Supp. 344, 345 (S.D. Fla. 1987). The material issue is whether there is sufficient evidence that CMI, CMI-L, or Vikand could be considered Defendant's agents.

As Defendant correctly notes, "[g]eneral agency principles apply when determining personal jurisdiction." ECF No. [59] at 6-7 (quoting *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1312 (S.D. Fla. 2017) (quoting *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV-MARRA/Matthewman, 2017 WL 1832436, at *6 (S.D. Fla. May 8, 2017))). "In simple terms, agency may be defined as the relation which results where one person [or entity], called the principal, authorizes another, called the agent, to act for [it] with more or less discretionary power, in business dealings with third persons." *Id.* (quoting *Econ. Research Analysts, Inc. v. Brennan*, 232 So.2d 219, 221 (Fla. 4th DCA 1970) (alterations added; citation omitted)). In order to show an agency relationship, the plaintiff must show: (1)

6

acknowledgment by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent. *See Ash v. Royal Caribbean Cruises Ltd.*, 991 F. Supp. 2d 1214, 1217 (S.D. Fla. 2013) (citing *E & H Cruises, Ltd. v. Baker,* 88 So.3d 291, 295 (Fla. 3d DCA 2012), *reh'g denied* (May 30, 2012), *review denied,* 107 So.3d 403 (Fla. 2012)).

Plaintiff points out that the plain language of the contract between ISE and CMI indicates that ISE agreed that CMI would act as ISE's "agent" and "attorney-in-fact" in performing the "total management of vessel operational and financial services." ECF No. [56] at 8-9 (quoting ECF No. [56-9] at 2, 3); *see also* ECF Nos. [56-8] at 2, 17. The contract states, in relevant part:

> Subject to the terms and conditions hereof, and in consideration of the payment of the Fees by [ISE], [CMI] shall perform the Services in respect of the Vessel (in connection with the Program) as *agents* for and on behalf of [ISE]. [CMI] shall have the authority to take such actions as it may from time to time consider to be necessary to enable the performance of the Services.

ECF No. [56-8] at 2 (emphasis added). The contract further states that "[CMI] will generally act as the Manager of the Vessel's deck and engine departments and as *agents* and *attorneys-in-fact* with regards to and limited to, those Management Services to be provided herein on behalf of [ISE]." ECF No. [56-8] at 17 (emphasis added). Therefore, ISE clearly acknowledged that CMI would act for it, and CMI accepted the undertaking. In accordance with agency principles noted above, ISE also maintained control over the action of its "agent" CMI by reserving the right to terminate the contract "if [ISE] has reasonable grounds for dissatisfaction with [CMI's] performance of the Services, provided, that, [CMI] fails to remedy such performance within thirty (30) days of receipt of written notice . . . ." *Id.* at 5. ISE also reserved "the right to request [CMI] to change the Master of the Vessel, and to interview and approve his successor." *Id.* Therefore, the plain language of the contract indicates that CMI was ISE's agent.

7

Defendant fails to address the unambiguous contractual language and instead relies on ISE's CEO Scott Marshall's ("Mr. Marshall") deposition testimony where Mr. Marshall objected to the use of the term "agency" to describe ISE's relationship with CMI. *See* ECF No. [59] at 7-8 (quoting ECF No. [59-1] at 58). Mr. Marshall testified that "[a]s a lived document I can tell you that [CMI] [did] not have full agency to represent [ISE] on all decisions related to the vessel." ECF No. [59-1] at 157-58. However, Plaintiff rebuts Defendant's argument with deposition testimony from CMI's President James Barriero ("Mr. Barriero"), who testified that the contract "accurately describe[s] the agreement between Cruise Management International and ISE." ECF No. [56] at 10 (quoting ECF No. [56-2] at 12).[2] The Eleventh Circuit has held that "where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Madara*, 916 F.2d at 1514. As such, in this case, the Court determines that Mr. Barriero's deposition testimony and the contract between ISE and CMI constitute sufficient evidence that CMI was ISE's agent for jurisdictional purposes.[3]

The Court now turns to "connexity." Fla. Stat. § 48.193(1) states that the cause of action must arise from the forum-related activities. Florida courts have interpreted Fla. Stat. § 48.193(1) to require "connexity," meaning "a causal connection between the defendant's activities in Florida and the plaintiff's cause of action." *Canale v. Rubin*, 20 So.3d 463, 466 (Fla. 2d DCA 2009) (quoting *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002)). The connexity or causal

---

[2] Because Defendant submitted an affidavit challenging the Court's personal jurisdiction, the Court can consider deposition testimony from Plaintiff supporting the Court's personal jurisdiction. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

[3] Defendant cites *Ash v. Royal Caribbean Cruise, Ltd,* 991 F. Supp. 2d 1214, 1217 (S.D. Fla. 2013) and *L.O.T.I. Group Prods. v. Lund*, 907 F. Supp. 1528, 1532 (S.D. Fla. 1995), but the two cases are distinguishable. *See* ECF No. [59] at 8. Unlike the instant case where there is a formal contract enumerating CMI as an agent for ISE, in *Ash* the contract between the relevant entities specified that the Florida entity was an "independent contractor," not an agent. 991 F. Supp. 2d at 1217. Next, unlike the instant case where there is a formal contract that establishes a principal-agent relationship, in *L.O.T.I.* there was no record evidence to establish a principal-agent relationship. *See* 907 F. Supp. at 1532.

connection requirement requires a "'direct affiliation,' 'nexus,' or 'substantial connection'" to exist between the basis for the cause of action and the business activity. *Citicorp Ins. Brokers (Marine), Ltd. v. Charman*, 635 So.2d 79, 82 (Fla. 1st DCA 1994) (quoting *Damoth v. Reinitz,* 485 So.2d 881, 883 (Fla. 2d DCA 1986)). Without connexity or a causal connection, the existence of Defendant's "business activities [in Florida] are irrelevant." *Banco de los Trabajadores v. Moreno*, 237 So. 3d 1127, 1137 (Fla. 3d DCA 2018) (citing *Small v. Chicola*, 929 So.2d 1122, 1125 n.1 (Fla. 3d DCA 2006)).

Defendant argues that there is no connexity between the forum-related activities and the injury. *See* ECF No. [52] at 8. Defendant relies on three cases, *Wolf v. Celebrity Cruises Inc.*, 683 F. App'x 786, 793 (11th Cir. 2017), *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1343 (S.D. Fla. 2016), and *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-Civ, 2013 WL 1100028, at *5 (S.D. Fla. Mar. 15, 2013), to support its contention. *See* ECF No. [52] at 8. Plaintiff responds that CMI performed its contractual obligations from its office in Miami, including vetting, hiring, and training Dr. Escobar; evaluating and fulfilling the shipboard medical facility's equipment, medical supply, and medication needs; and promulgating and supervising the enforcement of the Vessel's medical policies. *See* ECF No. [56] at 13-14 (citing ECF No. [1] ¶ 55). CMI's alleged failure to adequately perform its contractual duties in Miami led to Plaintiff's cause of action. *See id.*

The Court agrees with Plaintiff. CMI's President Mr. Barriero specifically testified that CMI provided its services to ISE from its office in Miami. *See* ECF No. [56-2] at 9. CMI's failure to adequately perform its contractual duties from its Miami office, in turn, gave rise to Plaintiff's cause of action. Further, the three cases Defendant cites are distinguishable. In *Wolf*, 683 F. App'x at 793, the court determined that it did not have specific jurisdiction since the tortious conduct took

place outside of Florida and the contract in question did not provide any support for a third-party beneficiary theory for specific jurisdiction. However, in the instant case, Plaintiff does not rely on third-party beneficiary theory and instead relies on the allegation that ISE's agent CMI performed, or failed to perform, its contractual duties in Florida. In *Brown*, 202 F. Supp. 3d at 1343, there was no nexus between the forum-related activity and the alleged tort. However, in this case, the forum-related activity, namely CMI's performance of its contractual duties in Miami, gave rise to the cause of action. Lastly, in *Zapata*, 2013 WL 1100028, at *5, the act of selling tickets in the forum had no nexus to the alleged negligence that gave rise to the cause of action. Here, CMI's forum-related activity gave rise to the cause of action. Therefore, in this case, there is sufficient connexity between the forum-related activity and the cause of action to establish specific jurisdiction over Defendant.[4]

### B. Due Process Requirements

The Court must next consider whether the exercise of personal jurisdiction over Defendant would violate Due Process. As noted above, the Court must consider: (1) Defendant's purposeful availment of the forum state; (2) the cause of action arising out of the activities of which Defendant purposefully availed himself; and (3) reasonable foreseeability of Defendant being haled into court in the forum state. *See Future Tech.*, 218 F.3d at 1250-51 (citing *Burger King,* 471 U.S. at 475).

---

[4] To the extent that Defendant argues that the Court cannot exercise specific jurisdiction because the injury itself did not take place in Florida, *see* ECF No. [52] at 2, 8 (citing *Banco de los Trabajadores v. Moreno*, 237 So. 3d 1127, 1136 n.10 (Fla. 3d DCA Jan. 24, 2018)), the Court is not persuaded. Because Plaintiff's claim is based on specific jurisdiction under Fla. Stat. § 48.193(1)(A)(1), by the plain language of the statute, the injury itself does not have to take place in Florida as long as Defendant's agent conducted, engaged in, or carried on a business or business venture that gave rise to the cause of action in Florida. *See Poston v. American President Lines*, Ltd, 452 F. Supp. 568 (S.D. Fla. 1978) (determining that personal jurisdiction existed against a nonresident defendant because "[al]though the injury to the cargo did not occur in Florida the injury was incidental to the defendant's activities in Florida."); *Finantieri-Cantieri Navali Italiani S.P.A. v. Yuzwa*, 241 So.3d 938, 946 (Fla. 3d DCA 2018) ("it is true that the injury need not occur in Florida" so long as connexity exists).

The Court must also determine whether exercising jurisdiction will comport with traditional notions of fair play and substantial justice, namely "(a) the burden on the defendant; (b) the forum state's interest in adjudicating the dispute; (c) the plaintiff's interest in obtaining convenient and effective relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantial social policies." *Id.* at 1251 (citing *Burger King*, 471 U.S. at 466).

Defendant relies on *Israel v. Alfa Laval, Inc.*, No. 8:20-CV-2133-WFJ-AAS, 2021 WL 1662770, at *7 (M.D. Fla. Apr. 28, 2021), to argue that the exercise of personal jurisdiction would violate Due Process. *See* ECF No. [59] at 11. Defendant contends that it has no employees in Florida and is not registered to conduct business in Florida. *See id*. Defendant also maintains that because Defendant hired CMI as an independent contractor, Defendant's contacts with Florida are too attenuated, and the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *See id.*

Plaintiff argues that Defendant purposefully availed itself to Florida by contracting with CMI, as well as other Florida entities, to perform all of the necessary functions to operate its business. *See* ECF No. [56] at 19-20. Plaintiff also contends that Defendant's relationship with CMI was a long-standing, continuous relationship, rather than an isolated or sporadic one. *See id.* at 20. Further, in regard to traditional notions of fair play and substantial justice, Plaintiff argues that: (1) the comparative burden on ISE in litigating this case in Florida as opposed to Colorado where it is located is minimal since the same Florida counsel who represents the other Defendants also represents ISE; (2) Florida has a substantial interest in litigating this dispute, since it involves three Florida entities and their business activities in this state, (3) litigating the case against ISE in Florida alongside Plaintiff's claims against the other Defendants clearly serves Plaintiff's interest

11

in obtaining convenient and effective relief, especially since Florida is where the majority of witnesses are located; and (4) the judicial system's interest in obtaining the most efficient resolution is best served by resolving the dispute in one location at one time. *See id*.

The Court agrees with Plaintiff. First, while Defendant correctly notes that it has no employees in Florida and is not registered to conduct business in Florida, Defendant purposefully availed itself to Florida when it hired CMI as its agent to perform essential aspects of its business operations in Florida. Second, as noted above, the actions or inactions of Defendant's agent in Florida led to Plaintiff's cause of action. Third, given the long-standing principal-agent relationship between ISE and its Florida agent CMI, it was foreseeable that ISE could be haled into a court in Florida. Therefore, the exercise of specific jurisdiction would not violate Due Process. *See Future Tech.*, 218 F.3d at 1250-51.

Defendant's reliance on *Israel*, 2021 WL 1662770, at *7, is unavailing. *See* ECF No. [59] at 11. In *Israel*, the court determined that it could not exercise personal jurisdiction over the defendant, even though the defendant's activities in Florida included employing an individual in Florida, managing fuel tank lines at the Miami and Orlando International Airports, litigating cases arising from fuel spills in Florida, operating as a parent company of a Florida cruise line, and having an event-organizing business group in Florida. *See id.* The court determined that the substantial forum-related activities did not confer specific jurisdiction because the activities did not relate to the plaintiff's claims. *See id.* Further, the court in *Israel* found that the plaintiff's claim against the defendant was caused by an independent third party who brought the defendant's product into Florida and incidentally caused the plaintiff's injury in Florida. *See id.* Here, the forum-related activities, namely the activities of CMI, did give rise to Plaintiff's cause of action.

Case No. 21-cv-22001-BLOOM/Otazo-Reyes

Further, CMI is not an independent third party whom Defendant could not control but Defendant's agent. As such, *Israel* is inapposite, and Defendant's argument is unpersuasive.

Therefore, the Court concludes that it has specific jurisdiction over Defendant through the acts of CMI and that the exercise of personal jurisdiction does not violate Due Process or contradict traditional notions of fair play and substantial justice. The Court need not address Plaintiff's argument that other Florida entities are agents that confer specific jurisdiction over Defendant. The Court also need not address Defendant's argument that ISE and CMI are not engaged in a joint venture.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant ISE's Motion, **ECF No. [52]**, is **DENIED**.
2. Defendant ISE shall file its Answer to Plaintiff's Complaint by no later than **March 21, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record